UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDGAR T. LOVE, <br> # 191291, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | No. 3:17-cv-01431 <br> CHIEF JUDGE CRENSHAW |
| v. | ) <br> ) | |
| HAROLD TAYLOR, *et al.*, | ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Edgar T. Love, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Harold Taylor, Barry Kidd, Darren Hall, and Dr. f/n/u Norfleet, alleging violations of his civil rights after a slip and fall incident. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.     Motion to Amend the Complaint**

Shortly after filing his original complaint, the Plaintiff filed a document entitled "Civil Claims," which the Court construes as a motion to amend his complaint. (Doc. No. 4). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005).

The proposed amendments to the complaint provide additional context for the claims raised in the original complaint. There appears to be no undue prejudice to the opposing party by permitting the Plaintiff to amend his complaint at this time; the Defendants have not been served. The Court therefore will grant the motion to amend and screen the original complaint, as informed by the Plaintiff's proposed amendments to the original complaint, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IV.     Alleged Facts**

The complaint alleges that, on September 16, 2017, while an inmate of the Davidson County Sheriff's Office, the Plaintiff slipped and fell due to a puddle of water from a leaking urinal. As a result of the fall, the Plaintiff injured his neck and back. According to the complaint, there was not a wet floor sign to warn inmates of the leak.

Nurses came into the restroom quickly after being notified of the Plaintiff's fall. The nurses

3

placed a collar around the Plaintiff's neck. The Plaintiff had to lie in the water leaking from the urinal for about thirty minutes while waiting for paramedics to arrive. The paramedics took the Plaintiff to the hospital where he was treated by Dr. f/n/u Norfleet. Under Dr. Norfleet's care, the Plaintiff received an EKG, an MRI, pain medication, and a muscle relaxer. Upon his return to the jail, the Plaintiff was givenTylenol for his pain instead of the medication prescribed by the hospital doctor.

The complaint alleges that the Plaintiff had to walk to his assigned housing unit "without anything to support [his] neck or back still in pain from the fall." (Doc. No. 1 at 7). On the following day, however, the nurse practitioner prescribed the Plaintiff with a muscle relaxer and a walker. According to the Plaintiff, the urinal at issue still leaks.

On October 3, 2017, the Plaintiff filled out a sick call form to see a doctor and receive stronger pain medication. The Plaintiff was not permitted to see a doctor. On October 11, 2017, the Plaintiff went to see the nurse to get more muscle relaxers and the nurse told him that the medication was discontinued and he had to fill out another sick call form to receive more medicine. The Plaintiff believes that he should not have to pay for the medication and doctor visits "when it is D.C.S.O. fault that [he] injured [his] back in the first place." (Id. at 7).

**V.    Analysis**

The complaint as amended alleges that the absence of a wet floor sign caused or contributed to the Plaintiff's slip and fall and resulting injury. The complaint also alleges that the Plaintiff was denied timely and appropriate medical treatment for his slip and fall injury. The complaint names only Harold Taylor, Barry Kidd, Darren Hall, and Dr. f/n/u Norfleet as Defendants to this action.

However, other than being listed as Defendants, Taylor, Kidd, and Hall are not mentioned

in the narrative of the complaint or amendments to the complaint. (See Doc. No. at 6-7, Doc. No. 4 at 1-2). A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. Miller v. Calhoun Cnty., 408 F.3d 803, 827 n.3 (6th Cir. 2005); Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). Because the Plaintiff does not allege the personal involvement of Taylor, Kidd, or Hall in the events set forth in the complaint, the Plaintiff has not established a basis for imposing individual liability on these Defendants. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Heyerman v. County of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012). Thus, the Plaintiff's claims against Taylor, Kidd, and Hall must be dismissed.

The complaint indicates that Taylor and Kidd also are sued in their official capacities. (Doc. No. 1 at 2). The complaint identifies Taylor as the "Warden Administrator" of the Davidson County Sheriff's Office and Kidd as the Chief of Security of the Davidson County Sheriff's Office. (Id.) When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993).

Here, Taylor and Kidd are employees of the Davidson County Sheriff's Office, which is operated by Davidson County. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent. Monell Dep't of Social Svcs., 436 U.S. 658, 690-691 (1978). In short, for Davidson County to be liable to the Plaintiff under § 1983, there must be a direct causal link between an official policy or custom and the alleged violation of the Plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Construing the pro se complaint liberally, the complaint alleges that Davidson County has

a policy where inmates are being charged when they receive medical services at the jail. While the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost. See Baggett v. Fuson, No. 3:14-cv-02366, 2015 WL 328438, at *3 (M.D. Tenn. Jan. 23, 2015)(citing Reynolds v. Wagner, 128 F.3d 166, 173–74 (3d Cir.1997) (deliberate indifference standard does not guarantee prisoners the right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society)). Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so. Roberson v. Bradshaw, 198 F.3d 645 (8th Cir.1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation); see also Jensen v. Klecker, 648 F.2d 1179, 1183 (8th Cir.1981) (no basis for due process claim where deductions from prisoner accounts were assessments for value received). It is only when medical care is denied to inmates because of their inability to pay that deliberate indifference is implicated, and such is not the case before this Court. The policy about which the Plaintiff complains does not violate the Constitution. See Miller v. Blackwelder, No. 4:07-cv-9, 2008 WL 2940534, at *6 (E.D. Tenn. July 24, 2008) (rejecting inmate's Eighth Amendment claim based on jail's requirement that inmate submit a co-pay every time he receives medical services). Consequently, the Plaintiff has failed to state claims upon which relief can be granted against Defendants Taylor and Kidd in their official capacities, and any such claims must be dismissed.

Finally, the complaint alleges Dr. Norfleet failed to provide the Plaintiff with proper medical treatment for the injuries he sustained in the fall. Specifically, the complaint alleges that Dr. Norfleet failed to diagnose "fully" the Plaintiff's neck and back injuries. (See Doc. 1 at 10)("For

6

what reason why the plaintiff prescribed medication at the hospital if there wasn't anything wrong with his back or neck when he was brought to the hospital?"). The complaint also alleges that Dr. Norfleet released the Plaintiff from the hospital "without anything that would help support him to walk and take pressure off his injured back." (Id.)

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. See Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. See Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir. 1984). The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id.

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. Estelle, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. Id. at 107. Further,

7

where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. See Thaddeus-X v. Blatter, 175 F.3d 378, 401 (6th Cir. 1999).

The Court assumes for purposes of the PLRA screening that the Plaintiff's neck and back injuries constituted a sufficiently serious medical need. See Rouster, 749 F.3d at 446. Although the Plaintiff disagrees with the medical treatment provided by Dr. Norfleet, a prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim. Furthermore, even if the Plaintiff's medical treatment was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 105-06. Simply put, an inmate is not entitled to the "best" medical treatment available. Bemer v. Correctional Med. Services, No. 10-12228, 2012 WL 525564, *7 (E.D. Mich. Jan. 27, 2012)(citing the 5th Circuit).

The complaint fails to allege that Dr. Norfleet acted with deliberate indifference to the Plaintiff's serious medical needs. Dr. Norfleet did not ignore the Plaintiff's injuries and pain; he directed that the Plaintiff undergo an EKG and MRI and assisted the Plaintiff with pain management for his injuries sustained in the fall by prescribing medication, including muscle relaxers. After the Plaintiff's discharge from the hospital, Dr. Norfleet is not responsible for the manner in which the Davidson County Sheriff's Office administers medication to its inmates. Consequently, the Court finds that the complaint fails to state a colorable deliberate indifference to serious medical needs

claim against Dr. Norfleet,[1] and this claim will be dismissed.

**VI.    Conclusion**

For the reasons stated above, the Court construes the Plaintiff's notice of "Civil Claims" (Doc. No. 4) as a motion to amend the complaint, which the Court will grant. Having considered the allegations of the amended complaint pursuant to the PLRA, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against all Defendants. 28 U.S.C. § 1915A. In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, this action will be dismissed. The Court's dismissal is without prejudice to the Plaintiff's ability to pursue state law claims against these Defendants.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In any event, it is unclear whether Dr. Norfleet, as a physician employed by the Metro General Hospital, even qualifies as a state actor under § 1983.